# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOHN KEENER ) | Case Number |
| ) |  |
| Plaintiff ) |  |
| ) | CIVIL COMPLAINT |
| vs. ) |  |
| ) |  |
| MIDLAND CREDIT MANAGEMENT, ) | JURY TRIAL DEMANDED |
| INC. ) |  |
| Defendant ) |  |
| ) |  |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, John Keener, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

## I.       INTRODUCTORY STATEMENT

1.       Plaintiff, John Keener, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.       JURISDICTION

2.       Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this district is proper in that Defendant has an address in this district and transacts business here.

### III.     PARTIES

4.     Plaintiff, John Keener, is an adult natural person residing at 5706 New Avedon Drive, Greensboro, AL 27455.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, Midland Credit Management, Inc. at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in the Commonwealth of Pennsylvania and the State of Alabama, with a Pennsylvania address of P.O. Box 603, Oaks, PA 19456.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

7.     Starting on or about February 1, 2011 Plaintiff has experienced a series of harassing and unwarranted phone calls from agents of Defendant.

8.     On or about February 2, 2011 Plaintiff received four consecutive phone calls from Defendant while he was in the hospital.

9.     During each phone call, Plaintiff asked Defendant to contact him at a later date due to the severity of his condition.

10.     Defendant's agents refused to temporarily cease calls to Plaintiff and would not identify who they were collecting for, their name or the name of their company.

11.     On March 7, 2011 a male agent of Defendant placed a call to Plaintiff's wife and demanded to speak with Plaintiff.

12.     When Plaintiff's wife informed Defendant's agent that Plaintiff was not available, the agent identified himself as a representative of the Internal Revenue Service, and stated that the IRS had placed a lien against Plaintiff's home.

13.     Plaintiff does not have a lien against his home in any capacity.

14.     Defendant places upwards of four (4) automated calls per day to Plaintiff's home.

15.     On or about March 18, 2011 Defendant placed phone calls to Plaintiff roughly every thirty (30) minutes, specifically in a pattern consistent, but not limited to, at 8:12 AM, 8:44 AM, 9:11 AM, 9:42 AM.

16.     Plaintiff has received no written communication from Defendant and is completely unaware of any outstanding debt that Defendant could be attempting to collect.

17.     Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.    At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

22.    As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.    Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA

24.    The above paragraphs are hereby incorporated herein by reference.

25.    At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26.    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(1):   At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692d:        Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):     Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692d(6):     Placed telephone calls without disclosing his/her identity

§ 1692e:        Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(1):     Affiliated with the United States or any state

§ 1692e(2):     Character, amount, or legal status of the alleged debt

§ 1692e(4):     Nonpayment of any debt will result in the arrest of imprisonment of any person or the seizure, garnishment, attachment

§ 1692e(5):     Threaten to take any action that cannot legally be taken or that is not intended to be taken

§ 1692e(10):    Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692e(11):    Communication fail to contain the mini-Miranda warning

§ 1692f:        Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692g:  Failure to send the consumer a 30-day validation notice within five days of the initial communication

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Midland Credit Management, Inc. for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. §1692k;

c.  Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## V.  **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  April 13, 2011**

**BY:** */s/ Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire
**BY:** */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road, Suite 33
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff